

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| MOISES GUZMAN-MARROQUIN, | ) | No. 12-71680 |
| | ) | |
| Petitioner, | ) | Agency No. A201-174-875 |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| LORETTA E. LYNCH, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 6, 2016[**]
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges, and GONZALEZ ROGERS,[***] District Judge.

Moises Guzman-Marroquin, a native and citizen of Guatemala, petitions for

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Yvonne Gonzalez Rogers, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

review of the Board of Immigration Appeals' denial of his application for Convention Against Torture (CAT)[1] relief. We deny the petition.

Guzman asserts that the evidence compels the conclusion that he is entitled to CAT relief. *See Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1, 112 S. Ct. 812, 815 & n.1, 117 L. Ed. 2d 38 (1992). We disagree. We have carefully reviewed the record, and it does not compel a determination that he would be tortured in Guatemala by or with the acquiescence of the government. *See Sinha v. Holder*, 564 F.3d 1015, 1025–26 (9th Cir. 2009); *Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009). The most it shows is that there are gang problems in Guatemala, and that he was threatened and had his house tagged by a gang member after he danced with the gang member's girlfriend. He did not report the incidents to the police, because he did not think they would help him.

We note that Guzman suggests that he was denied due process because his counsel was not sufficiently experienced and knowledgeable and the IJ failed to intervene in the proceedings to a greater extent. *See Jacinto v. INS*, 208 F.3d 725, 727–28 (9th Cir. 2000). However, Guzman did not raise that issue when he

---

[1]United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

appealed to the BIA; the issue is, therefore, unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004); *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994).

Petition DENIED.